Demery Ryan, Bar No. 217176
dryan@littler.com
David S. Maoz, Bar No. 233857
dmaoz@littler.com
Alexandra Bernstein, Bar No. 327492
abernstein@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 800.715.1330

Gregory G. Iskander, Bar No. 200215
giskander@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

Attorneys for Defendant
BYTEDANCE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU,<br><br>Plaintiff,<br><br>v.<br><br>BYTEDANCE, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:23-cv-707<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>San Francisco County Superior Court Case No. CGC22603019<br><br>Complaint filed: November 17, 2022 (originally filed in San Francisco County Superior Court) |

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, YINTAO YU, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant BYTEDANCE INC. ("BDI" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California. This removal is based on federal question jurisdiction pursuant to 28 U.S.C. sections 1331 and 1441.

This Removal is based on 28 U.S.C. §§ 1331, 1441(a) and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. § 1331 and the existence of a federal question herein, as well as the supplemental jurisdiction of this Court over Plaintiff Yintao Yu ("Plaintiff") state law claims under 28 U.S.C. § 1367.

**I.    STATEMENT OF JURISDICTION**

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action arising under federal law in that it alleges a violation of the Family Medical Leave Act, 29 U.S.C. § 2615 et seq. Accordingly, based on federal question jurisdiction, removal is authorized under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, without regard to the amount in controversy.

2. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

**II.    VENUE AND INTRADISTRICT ASSIGNMENT**

3. The action was filed in the Superior Court of the State of California, County of San Francisco. Venue properly lies in the San Francisco/Oakland Division because it is the district and division where the state court action is pending and arises in San Francisco County. *See* 28 U.S.C. §§ 84(b), 1391, 1446; *see also* N.D. Local Rule 3-2, 3-5.

**III.    PLEADINGS, PROCESS, AND ORDERS**

4. On November 17, 2022, Plaintiff YINTAO YU ("Plaintiff") filed in the Superior Court of the State of California, County of San Francisco an unverified Complaint for Damages entitled *YINTAO YU v. BYTEDANCE, INC., and DOES 1 through 20, inclusive,* Case No.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  CGC22603019. Plaintiffs' Complaint alleges claims for: (1) Retaliation in Violation of Labor Code § 1102.5; (2) Disability Discrimination in Violation of Government Code § 12940(a); (3) Failure to Prevent Discrimination: Violation of Government Code § 12940(k); (4) Retaliation in Violation of Government Code § 12940(h); (5) Interference with CFRA Rights in Violation of Government Code § 12945.2(t); (6) Retaliation in Violation of the California Family Rights Act in Violation of Government Code § 12945.2(l); (7) Interference with Family Medical Leave Act in Violation of 29 U.S.C. § 2615(a)(1); (8) Breach of Contract; (9) Breach of the Covenant of Good Faith and Fair Dealing; (10) Wrongful Termination in Violation of Public Policy; (11) Unfair Business Practices in Violation of Business & Professions Code § 17200. Plaintiff also filed a Civil Cover Sheet. True and correct copies of Plaintiff's Complaint and Civil Cover Sheet are attached to this Notice of Removal as **Exhibits A and B.**

5. On January 17, 2023, Plaintiff served Defendant a Summons and a copy of the Complaint, along with the Alternative Dispute Resolution (ADR) package, and Notice to Plaintiff through Defendant's agent for service of process. True and correct copies of all pleadings, processes, and orders served upon Defendant are attached to this Notice of Removal as **Exhibit C**.

6. On January 18, 2023, Plaintiff filed a Proof of Service of the Summons, Complaint, Alternative Dispute Resolution (ADR) package, and Notice to Plaintiff served on Defendant. A true and correct copy of the Proof of Service is attached to this Notice of Removal as **Exhibit D**.

7. To Defendant's knowledge, the documents attached to this Notice of Removal constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action. The attachments thereby satisfy the requirements of 28 U.S.C. §1446(a).

**IV.   TIMELINESS OF REMOVAL**

8. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty (30) days of service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

9. Defendant was served with the Summons and Complaint on January 17, 2023. Therefore, this removal is timely in accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)

LITTLER MENDELSON P.C.
Attorneys at Law
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

3

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

having been filed within 30 days of service. See *Murphy Bros., Inc.*, 526 U.S. 344 at 354 (holding removal period is triggered by completed service of process).

## V. FEDERAL QUESTION JURISDICTION

10. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331.

11. This Court also has original jurisdiction over this action based on Plaintiff's seventh cause of action, which alleges a violation of the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) (Exhibit A, ¶¶ 59-64.) Accordingly, on the basis of federal question jurisdiction, this court has original jurisdiction under 28 U.S.C. section 1331, and removal is authorized under 28 U.S.C. section 1441(a) and 1446, without regard to the amount in controversy.

12. In the event the Court should be inclined to remand this action, Defendant requests that the Court issue an order to show cause why the case should not be remanded, giving Defendant (as well as Plaintiff) an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

## VI. SUPPLEMENTAL JURISDICTION

13. This Court has jurisdiction over Plaintiff's other alleged state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a) those claims are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), because they are so related to the FMLA claim that they form part of the same case or controversy under Article III of the U.S. Constitution. *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (noting that supplemental jurisdiction applies to state law claims derived from "a common nucleus of operative fact" and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding") (internal quotations omitted).

14. Here, each of Plaintiff's causes of action arise from "a common nucleus of operative fact," namely, that Plaintiff was allegedly terminated during the same medical leave that gives rise to his FMLA claim.

LITTLER MENDELSON P.C.
Attorneys at Law
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**VII.   NOTICE TO PLAINTIFF AND STATE COURT**

15.   Promptly after the filing of this Notice of Removal in this Court, as required by 28 U.S.C. § 1446(d), Defendant will file in the Superior Court of the State of California, County of San Francisco and serve upon Plaintiff and his counsel of record, a Notice to Adverse Party and State Court of Removal of Civil Action to Federal Court, and a copy of the Notice of Removal, including exhibits.

16.   Counsel for Defendant has signed this Notice of Removal in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure

WHEREFORE, based on the foregoing, Defendant, through its undersigned counsel, hereby notices the removal of the above-entitled action from the Superior Court of the State of California in and for the County of San Francisco.

Dated: February 16, 2023

LITTLER MENDELSON P.C.

/s/ Demery Ryan
Demery Ryan
Attorneys for Defendant
BYTEDANCE INC.

4864-2021-5618.4 / 103032-1063

5   NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON P.C.
Attorneys at Law
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308